LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29438

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MITI MAUGAOTEGA, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NOS. 03-1-1897, 03-1-2724, 03-1-2725,
03-1-2726, & 03-1-2727)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Defendant-Appellant Miti Maugaotega, Jr., (Maugaotega) appeals from the Amended Judgment of Conviction and Sentence (Amended Judgment(s)) filed on September 26, 2008 in the Circuit Court of the First Circuit[1] (circuit court) in each of the following five criminal cases: No. 03-1-1897,[2] No. 03-1-2724,[3]

---

[1]  The Honorable Patrick W. Border issued the Amended Judgments.

[2]  In Cr. No. 03-1-1897, the circuit court entered an Amended Judgment after a jury found Maugaotega guilty of

Count 1:  Attempted Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) §§ 705-500 (1993), 707-701.5 (1993), and 706-656 (1993 & Supp. 2008);
Counts 2 & 5:  Carrying, Using or Threatening to Use a Firearm in the Commission of a Separate Felony, in violation of HRS § 134-6(a) & (e) (Supp. 2005);
Count 3:  Robbery in the First Degree, in violation of HRS § 708-840(1)(b)(i) (1993 & Supp. 2005);
Count 4:  Burglary in the First Degree, in violation of HRS § 708-810(1)(c) (1993);
Count 6:  Place to Keep Pistol or Revolver, in violation of HRS § 134-6(c) & (e) (Supp. 2005);
Counts 7 & 8:  Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243 (1993 & Supp. 2003); and
Count 9:  Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a) (1993).

For Count 1, the Amended Judgment sets forth § 607-6, which is the wrong HRS statute, instead of § 706-656, the correct statute; the circuit court is hereby ordered to file a Second Amended Judgment setting forth, nunc pro tunc, the correct HRS statute (§ 706-656) under which Maugaotega was convicted on Count 1.

[3]  In Cr. No. 03-1-2724, the circuit court entered an Amended Judgment after Maugaotega pled no contest to Counts 1 & 2:  Burglary in the First Degree, in violation of HRS § 708-810(1)(c) (1993).

No. 03-1-2725,[4] No. 03-1-2726,[5] and No. 03-1-2727.[6] In each case, the circuit court issued a judgment of conviction, in which the court sentenced Maugaotega to an extended term of imprisonment, and, in each case, the Hawai'i Supreme Court later vacated the extended term sentence and remanded the case with instructions to the circuit court to impose non-extended term sentencing in accordance with Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny. State v. Maugaotega, 115 Hawai'i 432, 446-47 & 451, 168 P.3d 562, 576-77 & 581 (2007). On remand, the circuit court re-sentenced Maugaotega in each case to imprisonment without an extended term.

In the Amended Judgments, the circuit court sentenced Maugaotega to the following terms of imprisonment:

Cr. No. 03-1-1897:

Count 1 -- life with the possibility of parole, with a mandatory minimum of twenty years.

---

[4] In Cr. No. 03-1-2725, the circuit court entered an Amended Judgment after Maugaotega pled no contest to

Counts 1 & 2: Robbery in the First Degree, in violation of HRS § 708-840(1)(b)(ii) (1993 & Supp. 2005);
Count 3: Burglary in the First Degree, in violation of HRS § 708-810(1)(c) (1993); and
Count 4: Carrying, Using or Threatening to Use a Firearm in the Commission of a Separate Felony, in violation of HRS § 134-6(a) & (e) (Supp. 2005).

[5] In Cr. No. 03-1-2726, the circuit court entered an Amended Judgment after Maugaotega pled no contest to

Counts 1 & 2: Sexual Assault in the First Degree, in violation of HRS § 707-730(1)(a) (Supp. 2005);
Count 3: Robbery in the First Degree, in violation of HRS § 708-840(1)(b)(ii) (1993 & Supp. 2005);
Count 4: Burglary in the First Degree, in violation of HRS § 708-810(1)(c) (1993);
Count 5: Carrying, Using or Threatening to Use a Firearm in the Commission of a Separate Felony, in violation of HRS § 134-6(a) & (e) (Supp. 2005); and
Count 6: Assault in the Second Degree, in violation of HRS § 707-711(1)(d) (1993).

[6] In Cr. No. 03-1-2727, the circuit court entered an Amended Judgment after Maugaotega entered a no contest plea to Promoting Prison Contraband in the First Degree, in violation of HRS § 710-1022(1)(b) (1993). The Amended Judgment sets forth the wrong HRS statute (§ 134-6); the circuit court is hereby ordered to file a Second Amended Judgment setting forth, nunc pro tunc, the correct HRS statute (§ 710-1022(1)(b)) under which Maugaotega was convicted.

Counts 2 and 5 -- twenty years each count.

Count 3 -- twenty years, with a mandatory minimum of fifteen years.

Count 4 -- ten years, with a mandatory minimum of ten years.

Count 6 -- ten years.

Counts 7, 8, and 9 -- five years each count.

The circuit court ordered that the terms be served concurrently with each other.

Cr. No. 03-1-2724:

Counts 1 and 2 -- ten years each.

The circuit court ordered that the terms be served concurrently with each other and consecutively to the terms imposed in Cr. No. 03-1-1897.

Cr. No. 03-1-2725[7]:

Counts 1 and 2:  a mandatory minimum of fifteen years for each count.

Count 3:  a mandatory minimum of ten years.

The circuit court ordered that the terms be served concurrently with each other and consecutively to the terms imposed in Cr. No. 03-1-2724.

Cr. No. 03-1-2726:

Counts 1, 2, and 5 -- twenty years for each count.

Count 3 -- twenty years, with a mandatory minimum of fifteen years.

Count 4 -- ten years, with a mandatory minimum of ten years.

Count 6 -- five years.

---

[7]  Although the circuit court sentenced Maugaotega to twenty years of imprisonment for each of Counts 1, 2, and 4 and ten years for Count 3 (see May 17, 2004 transcript at 51), the Amended Judgment fails to set forth the length of incarceration for each count -- it sets forth only the mandatory minimum term of imprisonment for Counts 1, 2, and 3.

3

The circuit court ordered that the terms be served concurrently with each other and consecutively to the terms imposed in Cr. No. 03-1-2725.

Cr. No. 03-1-2727: ten years.

The circuit court ordered that the term be served consecutively to the terms imposed in Cr. No. 03-1-2726.

On appeal, Maugaotega contends the circuit court abused its discretion in sentencing him to consecutive terms of imprisonment because (1) he is not subject to consecutive terms, absent a jury finding, (2) the sentence of consecutive terms and the circuit court's imposition of a fifty-year, mandatory minimum sentence of imprisonment constitutes a plain and manifest abuse of discretion, and (3) the sentence of consecutive terms totaling life plus sixty years and imposition of a fifty-year, mandatory minimum sentence of imprisonment constitutes cruel and unusual punishment. Maugaotega asks that we reverse or vacate the circuit court's consecutive sentences.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Maugaotega's points of error as follows:

(1) The circuit court did not abuse its discretion in sentencing Maugaotega to consecutive terms of imprisonment. See State v. Kahapea, 111 Hawai'i 267, 278-80, 141 P.3d 440, 451-53 (2006) (dismissing the proposition that Apprendi or Blakely v. Washington, 542 U.S. 296, 124 S. cT. 2531 (2004) proscribes consecutive term sentencing); Oregon v. Ice, __ U.S. __, __, 129 S. Ct. 711, 717 (2009) (confirming the constitutionality of the practice of allowing sentencing courts to determine the facts necessary to impose consecutive sentences).

(2) The circuit court's sentence of consecutive indeterminate terms of imprisonment does not constitute a plain and manifest abuse of discretion. At the sentencing hearing, the circuit court explicitly stated that it relied on the factors set forth in HRS § 706-606 (1993) in sentencing Maugaotega and

applied those factors to the facts in this case. Further, the circuit court expressed its intention that Maugaotega's period of incarceration be "prolonged by virtue of the consecutive character of the prison terms," State v. Gaylord, 78 Hawai'i 127, 154, 890 P.2d 1167, 1194 (1995), when the court stated that "[s]eparation of [Maugaotega] from the general public for the maximum possible amount of time is a necessary goal of sentencing." (Emphasis added.) Last, many of the circuit court's stated reasons at the sentencing hearing and in its August 6, 2004 Findings of Fact, Conclusions of Law, and Order Granting Motion for Consecutive Term Sentencing for imposing consecutive sentences demonstrate that the sentences clearly embodied "the forward-looking aim of future crime reduction or prevention." Gaylord, 78 Hawai'i at 154, 890 P.2d at 1194. A sentencing judge generally has broad discretion in imposing a sentence. Id. at 143-44, 890 P.2d at 1183-84.

(3) The circuit court's imposition of a fifty-year, mandatory minimum sentence of imprisonment does not constitute a plain and manifest abuse of discretion. The circuit court had the discretion, pursuant to HRS § 706-660.1(3) (1993) to impose the sentence.

(4) The circuit court's imposition of (a) a fifty-year, mandatory minimum sentence and (b) consecutive indeterminate terms of imprisonment totaling life plus sixty years does not constitute cruel and unusual punishment. See Kahapea, 111 Hawai'i at 282, 141 P.3d at 455. As we have discussed, the circuit court clearly considered the factors set forth in HRS §§ 706-606 and 706-660.1(3) and Gaylord, 78 Hawai'i at 154, 890 P.2d at 1194, in sentencing Maugaotega. Further, as the court noted at the sentencing hearing, Maugaotega had engaged in a crime spree, during which he "committed numerous offenses which literally r[an] the gamut of the criminal law ranging from Attempted Homicide to crimes involving profit motive, threat to property, and sexual gratification," and which included "22 felonies in a period of barely 40 days," resulting in a total of six named victims of violent or potentially violent crimes. The

sentencing judge has broad discretion in imposing a sentence. Id. at 143-44, 890 P.2d at 1183-84.

Therefore,

IT IS HEREBY ORDERED that the Amended Judgment of Conviction filed on September 26, 2008 in each of Cr. Nos. 03-1-1897, 03-1-2724, 03-1-2725, 03-1-2726, and 03-1-2727 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 26, 2010.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge